## Moyer, Appellant, v. United Traction Company.

*Negligence—Street railways—Collision between car and man lying on track—Evidence.*

In an action against a street railway company to recover damages for personal injuries, binding instructions for defendant are proper, where the evidence shows that the driver of a wagon who was not a passenger fell from his seat on the wagon, and lay stunned on the defendant's track; that the motorman of an approaching car as soon as he discovered plaintiff's position, reversed the car and applied the hand brake, when the fuse blew out; and that but for the blowing out of the fuse the car would have been stopped in time.

Argued March 2, 1908.    Appeal, No. 392, Jan. T., 1907, by plaintiff, from judgment of C. P. Berks Co., Aug. T., 1905, No. 124, on verdict for defendant in case of William C. Moyer v. United Traction Company.   Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant.

On a rule for a new trial ERMENTROUT, P. J., filed the follow-
ing opinion :

When plaintiff's evidence closed, a motion for a nonsuit was
made by counsel for defendant. This was overruled so that
the whole evidence might be spread upon the record. After
full consideration, we felt it our duty to instruct the jury to
find a verdict in favor of the defendant.

An examination of the testimony and argument of counsel
have not convinced us of any error in directing a verdict for
the defendant. The charge contains all that is necessary to
be said in the matter. · The plaintiff was not a passenger. The
team upon which he was riding was not struck by the car, but
in leaving the tracks of the company, defendant, he fell from
the somewhat insecure position he occupied upon the wagon.
In some way or other there was a contact between the plain-
tiff and the car. The evidence fails to disclose anything that
the motorman could have done in the emergency that he did
not do.

As was said in the charge : " The motorman was not bound
to anticipate his falling off and being stunned upon or at the
side of the track. But when the motorman discovered plain-
tiff's position upon the track, he immediately reversed the car
and applied the hand brake, when the fuse blew out. This
timely action on the part of the motorman undoubtedly saved
plaintiff's life. Had it not been for the fuse blowing out,
plaintiff would have suffered no injury, for the car would have
been stopped in time. The evidence is undisputed that but
for the blowing out of the fuse, the motorman's actions would
have avoided all danger. He did all that could be done at the
time to avoid the accident, and nothing more was required of
him."

The plaintiff was not a passenger. He was, therefore, sub-
ject to the burden of proof and must establish the fact of
negligence on the part of the defendant by affirmative testi-
mony, failing in which, he fails in his suit.

Rule discharged.

Plaintiff appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*Isaac Hiester*, with him *Rieser & Schaffer*, for appellant.

*C. H. Ruhl*, with him *J. Milton Miller* and *R. L. Jones*, for appellee.

PER CURIAM, May 4, 1908:
The judgment is affirmed on the opinion of the court below refusing a new trial.